## AIN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AHMAD GAGE, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>JOYA COMMUNICATIONS INC., a Delaware corporation,<br><br>       Defendant. | Case No.    16    0708<br><br>**COMPLAINT - CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Ahmad Gage brings this Class Action Complaint and Demand for Jury Trial against Defendant Joya Communications Inc. to stop its practice of making unauthorized text message calls to the cellular telephones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1.      Defendant Joya operates a social networking and video messaging service called Marco Polo. In an effort to quickly gain more users for its mobile application, Joya secretly collected the cell phone numbers that were stored on its existing users' cell phones, and then sent text message advertisements to such contacts urging them to download its mobile application. This marketing technique is commonly known as "spam-viting" or "growth hacking," and is sometimes used by mobile app developers (like Joya) to gain a larger user base for the purpose of inflating their valuation and attracting investors.

2.      Through this unlawful campaign, Joya has sent tens of thousands of spam text

1

messages to consumers without their consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

3.      To be clear, Plaintiff and a putative Class of consumers (defined below) have never provided their cell phone numbers to Joya and have never provided Joya with consent to send them text messages of any kind, let alone messages that spam their personal cell phones with advertisements.

4.      By sending the spam text messages at issue, Joya has violated the privacy and statutory rights of Plaintiff and the Class and caused them to suffer harm, not only by subjecting them to the aggravation that necessarily accompanies the receipt of unauthorized spam text messages, but also because consumers frequently have to pay their wireless providers for the receipt of such unauthorized text message calls.

5.      As a result, Plaintiff, on behalf of himself and the putative Class, seeks an injunction requiring Joya to cease all unauthorized text message call activities alleged herein and an award of statutory damages to Plaintiff and the Class for each such violation, together with costs and reasonable attorneys' fees.

### PARTIES

6.      Plaintiff Ahmed Gage is a natural person and citizen of the Commonwealth of Pennsylvania.

7.      Defendant Joya Communications Inc. is a corporation existing under the laws of the State of Delaware with its principal place of business located at 449 Hawthorne Avenue, Unit 2, Palo Alto, California 94301. Joya conducts business throughout this District, the Commonwealth of Pennsylvania, and the United States.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as the action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Joya because it solicits consumers in this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District (inasmuch as Joya made unauthorized text message calls to putative Class members located in this District).

9.      Venue is proper in this District under 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District inasmuch as Joya made (and continues to make) unauthorized text message calls to putative Class members located in this District. Additionally, venue is proper because Plaintiff Gage resides here.

## COMMON FACTUAL ALLEGATIONS

10.     Given the relatively low cost associated with sending bulk text messages, many marketers and mobile app developers have turned to disseminating advertisements or promotions through mass text message campaigns.

11.     Seeking to market its Marco Polo mobile application to consumers throughout the United States and, in turn, grow its user base, Joya decided to engage in this especially invasive form of advertising.

12.     Worse yet, in order to obtain cell phone numbers to send its text messages to, Joya secretly collected cell phone numbers stored on its existing users' cell phones, and then sent text message advertisements to such contacts urging them to download its mobile application.

13.     For instance, in or around January 2016, Plaintiff Gage's cellular telephone rang,

3

indicating that a text message call was being received.

14.     The "from" field of such transmission identified a phone number that is used by

Joya. The text message included the name of the individual that supposedly sent the text as well

as a hyperlink to Joya's Marco Polo website. Specifically, the body of the text message call read:

 : for you
onmarcopolo.com/i/████████[1]

15.     Each promotional text message call received by Plaintiff and the putative Class

was substantially similar in that they all contained a hyperlink to Joya's website, where it

encouraged them to download its Marco Polo app. (*See* Figure 1 below, showing a screenshot the

website associated with Joya's promotional text message calls.)



(**Figure 1.**)

16.     If a consumer clicks on the hyperlink displayed in the promotional text message

call, the effect of Joya's text message marketing campaign becomes apparent. That is, after

clicking that hyperlink, the recipient of Joya's promotional text messages is directed to one of its

---

[1]     Joya's text messages include the name of the third party whose cell phone it scraped to make it appear that the text message was being sent by that person (and not Joya). In this case, Plaintiff has redacted the name to protect the privacy of the third party. Likewise, Plaintiff also redacted the web address in the hyperlink given that the associated website is uniquely identifiable to that individual.

websites and encouraged to download its Marco Polo app.

17.     Joya created the promotional text message campaign at issue, and maintained exclusive control over the manner and means by which such text messages were sent.

18.     Ostensibly, Joya made, and continues to make, these unauthorized text message calls to consumers so that it can solicit them to download their Marco Polo application.

19.     Plaintiff did not consent to, request, or otherwise desire or permit Joya to transmit or make any promotional text message calls to his cellular telephone.

20.     Joya did not obtain consent from Plaintiff or the putative Class to make promotional text message calls to their cellular telephones. Moreover, none of Joya's promotional text message calls made by Joya provided Plaintiff or the putative Class with a reasonable opportunity to opt out of receiving future promotional text message calls.

21.     The promotional text message calls alleged herein were not made by any other consumer and were solely made by Joya.

22.     Joya made, or had made on its behalf, the same (or substantially the same) text message calls *en masse* to thousands of cellular telephone numbers.

23.     On information and belief, Joya made these text message calls to Plaintiff and putative Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

## CLASS ACTION ALLEGATIONS

24.     **Class Definition**: Plaintiff Gage brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3) on behalf of himself and a Class defined as follows:

> All persons in the United States who received one or more unauthorized text message calls from Joya Communications Inc.

> Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and

5

members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

25.     **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Joya has made unauthorized promotional text message calls to thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendant's records.

26.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

      (a)     whether Defendant's conduct constitutes a violation of the TCPA;

      (b)     whether the equipment Defendant used to make the text message calls in question was an automatic telephone dialing system as contemplated by the TCPA; and

      (c)     whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct.

27.     **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's

uniform wrongful conduct and unauthorized text message calls.

28.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

29.     **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's policies challenged herein apply and affect members of the Class uniformly and Plaintiff's challenge of these policies hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward members of the Class. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class. Plaintiff and the members of the Class have suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

30.     **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and

7

expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

### FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On behalf of Plaintiff and the Class)

31.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

32.     In an effort to promote is services, Joya made unsolicited and unwanted text message calls to Plaintiff's and the Class's cellular telephones without their prior express consent.

33.     Joya made unauthorized commercial text message calls to the cellular telephone numbers of Plaintiff and the Class using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers *en masse*.

34.     Joya utilized equipment that made the text message calls to Plaintiff and other members of the putative Class simultaneously and without human intervention.

35.     By making unsolicited text message calls to Plaintiff's and members of the Class's cellular telephones without prior express consent, and by utilizing an ATDS, Joya

violated 47 U.S.C. § 227(b)(1)(A)(iii).

36.   As a result of Joya's unlawful conduct, Plaintiff and the members of the putative Class suffered actual damages and have also had their rights to privacy adversely impacted. Plaintiff and the Class are therefore entitled to, among other things, a minimum of $500 in statutory damages for each such violation under 47 U.S.C. § 227(b)(3)(B).

37.   Because Joya's misconduct was willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the putative Class.

38.   Additionally, as a result of Joya's unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A), to ensure that Joya's violations of the TCPA do not continue into the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Ahmed Gage, individually and on behalf of the Class, prays for the following relief:

(a)   An order certifying the Class as defined above, appointing Plaintiff Gage as the representative of the Class, and appointing his counsel as Class Counsel;

(b)   A declaration that Joya's actions, as set out above, violate the TCPA;

(c)   An award of actual, statutory, and treble damages;

(d)   An injunction requiring Joya to cease all unlawful text message activities and enjoining Joya from using automated or computerized dialing equipment to place text message calls without consent;

(e)   An award of reasonable attorneys' fees and costs; and

(f)   Such other and further relief that the Court deems reasonable and just.

9

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**AHMED GAGE**, individually and on behalf of all others similarly situated,

Dated: February 12, 2016

By: _____
One of Plaintiff's Attorneys

David S. Senoff (PA 65278)
dsenoff@anapolweiss.com
ANAPOL WEISS
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, Pennsylvania 19103
Tel: 215.735.1130
Fax: 215.790.4550

Ari J. Scharg*
ascharg@edelson.com
Alicia E. Hwang*
ahwang@edelson.com
EDELSON PC
350 North LaSalle, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

* *Pro hac vice* admission to be sought.

*Counsel for Plaintiff Gage and the Putative Class*

10

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

16 0708

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Ahmed Gage

## DEFENDANTS
Joya Communications, Inc., a Delaware Corporation

**(b)** County of Residence of First Listed Plaintiff  Delaware County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David S. Senoff, Esquire
Anapol Weiss
One Logan Square, 130 N. 18th Street, Suite 1600
Philadelphia, PA 19103
(215) 735-1130

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
*(U.S. Government Not a Party)*

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Telephone Consumer Protection Act, 47 USC s 227
Brief description of cause:
Violation of the TCOA due to unsolicited text messages

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

FEB 12 2016

DATE 2/12/2016

SIGNATURE OF ATTORNEY OF RECORD
David S. Senoff

S.T.

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 238 Pusey Avenue, Collingdale, PA 19023

16    0708

Address of Defendant: 449 Hawthorne Avenue, Unit 2, Palo Alto, California 94301

Place of Accident, Incident or Transaction: ·Pennsylvania

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 47 USC § 227

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, David S. Senoff , counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☒ Relief other than monetary damages is sought.

DATE: February 12, 2016    _____    65278
                        Attorney-at-Law    Attorney I.D.#
**NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.**

FEB 12 2016

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: February 12, 2016    _____    65278
                        Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

**THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Ahmed Gage, individually and on behalf of all others similarly situated | : | CIVIL ACTION |
| v. | : | |
| Joya Communications, Inc., a Delaware Corp. | : | NO. 16    0708 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (x)

| | | |
|---|---|---|
| February 12, 2016 | _David S. Senoff_ | _David S. Senoff_ |
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiffs |
| -(215) 735-1130 | (215)875-7733 | dsenoff@anapolweiss.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

FEB 12 2016